GAMMARINO, APPELLEE, *v.* HAMILTON COUNTY BOARD
OF REVISION; RHODES, AUDITOR, APPELLANT.

[Cite as *Gammarino v. Hamilton Cty. Bd.
of Revision* (1994), 71 Ohio St.3d 388.]

(No. 93–2272—Submitted September 9, 1994—Decided December 30, 1994.)

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Thomas J. Scheve*, Assistant Prosecuting Attorney, for appellant.

*Per Curiam.* The decision of the BTA is unreasonable and unlawful and it is reversed.

R.C. 5715.19(A)(2) prohibits a person from filing a complaint as to the valuation of property if the person "filed a complaint against the valuation * * * for any prior tax year in the same interim period, unless the person * * * alleges that the valuation * * * should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

"(a) The property was sold in an arm's length transaction * * *;

"(b) The property lost value due to some casualty;

"(c) Substantial improvement was added to the property;

"(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property."

R.C. 5715.19(A)(2) further states: " 'interim period' means, for each county, the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again."

R.C. 5715.19(A)(2) clearly provides that only one complaint can be filed during each interim period absent any showing of a change in circumstances as described in R.C. 5715.19(A)(2)(a) through (d). Gammarino never disputed that he had filed two complaints within the same interim period, and in his second

complaint, he failed to assert the applicability of any of the circumstances enumerated in R.C. 5715.19(A)(2)(a) through (d).

Therefore, the BTA erred in failing to grant the auditor's motion to dismiss Gammarino's appeal on the basis that a complaint for the first year of the same triennium had already been filed.

The decision of the BTA refusing to dismiss the complaint and requiring the board of revision to make a determination as to the value of the subject property is unreasonable and unlawful and it is reversed.

*Decision reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.